E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorney
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7962
     Facsimile: (213) 894-3713
     E-mail:    jason.gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-cr-00567-GW |
|---|---|
| Plaintiff, | JOINT DISCOVERY STATEMENT |
| v. | Trial Date: January 23, 2024 |
| SERGEY VLADIMIROVICH OCHIGAVA, | Trial Time: 8:30 a.m. |
| Defendants. | Location: Courtroom of the Hon. George H. Wu |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Jason Gorn, and defendant Sergey Vladimirovich Ochigava, by and through his counsel of record, Erica Choi, hereby file this Joint Discovery Statement pursuant to the Court's Order for Discovery and Inspection in Criminal Cases (the "Discovery Order").

1.  To date, the government made six productions of discovery to defendant consisting of more than 688 bates stamped items of discovery including the following: law enforcement reports, interview reports, raw notes, photographs, consular notifications,

deportation documents, emails and text messages, a search warrant, a 23 GB cell phone download, audio files of the post-arrest interview with an accompanying transcript, and restitution.

2. On January 4, 2024, counsel for the government, Assistant United States Attorney Jason A. Gorn, separately conferred with defendant Ochigava's counsel, Erica Choi, regarding discovery matters, including the Court's Discovery Order.

3. The parties contemplate a trial estimate of two to three days.

4. Presently, there is one contested matter of discovery. The government produced a redacted internal email chain involving internal law enforcement work product. An email within that chain from the victim airline discussed defendant's actions in Denmark prior to boarding the flight at issue. The government disclosed this unredacted statement in its entirety. The parties do not agree on the redactions within the remaining email chain.

5. In addition, the parties anticipate one discovery issue. Today, the government received a copy of the flight manifest. The government's proposal to produce the document with certain redactions is contested by the defense. Defense counsel requests an unredacted copy with full names of all individuals on the manifest.

6. The parties reserve the right to request additional discovery under the Federal Rules of Criminal Procedure and relevant statutory and case law.

7. Additional motions are anticipated before trial. Counsel for the defense may file a motion to suppress the defendant's post-arrest statement. In addition, counsel for the defense intends to file motions in limine to exclude: testimony that the defendant was

1  staring at other passengers; testimony and argument that the
2  defendant's Israeli identification looked invalid or fake; and
3  testimony from D.F., a passenger on the flight.  The government
4  separately anticipates filing a motion in limine to introduce Rule
5  404(b) evidence of other acts involving the defendant at the Danish
6  airport prior to the flight at issue.
7       8.   After a review of the case file and discovery produced, the
8  government believes it is in compliance with its obligations under
9  Brady v. Maryland and its progeny.  The government understands its
10 continuing obligation concerning these matters.
11      9.   At this time, the parties agree that there are no
12 foundational objections to the documentary evidence proposed to be
13 used by both parties.  The parties reserve the right to raise
14 foundational objections in the future.
15      10.  Currently, the parties agree there are no chain of custody
16 issues.  The parties reserve the right to raise chain of custody
17 issues in the future.
18      11.  The parties have not noticed scientific experts for this
19 trial and there are presently no issues regarding the admissibility
20 of scientific analysis.  The parties will provide further notice of
21 scientific analysis and reserve the right to discuss in the future
22 the admissibility of scientific analysis without the need for calling
23 an expert at trial.
24 //
25 //
26 //
27 //
28 //

12. The parties acknowledge that any duty of disclosure and discovery set forth in the Court's Discovery Order is a continuing one.

```
Dated: January 5, 2024            Respectfully submitted,

                                  E. MARTIN ESTRADA
                                  United States Attorney

                                  MACK E. JENKINS
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                       /s/
                                  JASON A. GORN
                                  Assistant United States Attorneys
                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA


Dated: January 5, 2024                 /s/
                                  ERICA CHOI
                                  Attorney for Defendant
                                  SEREGY VLADIMIROVICH OCHIGAVA
```