E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JASON A. GORN (Cal. Bar No. 296179)
BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7962/7167
     Facsimile: (213) 894-0141
     E-mail:    jason.gorn@usdoj.gov
                brandon.martinez-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:23-cr-00567-GW |
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date: January 23, 2024<br>Trial Time: 8:30 A.M. |
| SERGEY VLADIMIROVICH OCHIGAVA, | Location:  Courtroom of the<br>            Hon. George H. Wu |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jason A. Gorn and Brandon E. Martinez-Jones, hereby files its trial memorandum for the above-captioned case.

///

///

///

///

///

The government respectfully requests leave to file additional memoranda as may become appropriate during the course of trial.

Dated: January 16, 2024　　　　　Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

　　　　　　　　　　　　　　　　　*/s/*
JASON A. GORN
BRANDON E. MARTINEZ-JONES
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

**Contents**

TABLE OF AUTHORITIES......................................................iii

MEMORANDUM OF POINTS AND AUTHORITIES........................................1

I.   STATUS OF THE CASE.....................................................1

     A.   Indictment........................................................1

     B.   Trial.............................................................1

     C.   Pretrial Motions..................................................1

     D.   Jury Instructions and Verdict Form................................2

II.  STATEMENT OF FACTS.....................................................2

     A.   Copenhagen airport: Defendant bypasses a security
          turnstile to enter the airport and is interviewed by
          Danish border police before unsuccessfully attempting
          to board two flights..............................................2

     B.   SAS flight 931: Defendant boards an SAS flight to Los
          Angeles without a visa or boarding pass and is not a
          listed passenger on the flight manifest...........................3

     C.   U.S. immigration inspection: Defendant is arrested
          after he presented himself to U.S. authorities without
          appropriate travel documents......................................4

III. THE CHARGED OFFENSES...................................................5

     A.   Stowaway on an Aircraft...........................................5

          1.   Governing Statute............................................5

          2.   Elements of 18 U.S.C. § 2199.................................5

IV.  LEGAL AND EVIDENTIARY ISSUES...........................................6

     A.   Photographic Evidence.............................................6

     B.   Defendant's Statements............................................7

     C.   Scope of Cross-Examination of Defendant...........................7

     D.   Defendant Should Be Precluded from Affirmatively
          Entering Any Evidence Not Produced................................8

     E.   Jury Nullification................................................9

**TABLE OF CONTENTS (CONTINUED)**

DESCRIPTION                                                                PAGE

    F.    Defense Witnesses..........................................10

    G.    Affirmative Defenses.......................................10

V.    CONCLUSION.........................................................10

**TABLE OF AUTHORITIES**

DESCRIPTION                                                          PAGE

Cases

Fitzpatrick v. United States,
  178 U.S. 304 (1971) ............................................. 7

Taylor v. Illinois,
  484 U.S. 400 (1988) ............................................. 8

United States v. Black,
  767 F.2d 1334 (9th Cir. 1985) ................................... 7

United States v. King,
  587 F.2d 956, 961 (9th Cir. 1978) ............................... 6

United States v. May,
  622 F.2d 1000 (9th Cir. 1980) ................................... 6

United States v. Mehrmanesh,
  682 F.2d 1303 (9th Cir. 1982) ................................... 8

United States v. Miranda-Uriarte,
  649 F.2d 1345 (9th Cir. 1981) ................................... 8

United States v. Oaxaca,
  569 F.2d 518 (9th Cir. 1978) .................................... 6

United States v. Powell,
  955 F.2d 1206 (9th Cir. 1992) ................................... 9

United States v. Stearns,
  550 F.2d 1167 (9th Cir. 1977) ................................... 6

United States v. Valerio,
  441 F.3d 837 (9th Cir. 2006) .................................... 7

Zal v. Steppe,
  968 F.2d 924 (9th Cir. 1992) .................................... 9

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                                                                <u>PAGE</u>

<u>Statutes</u>

<u>18 U.S.C. § 2199</u>............................................................ 5

<u>Rules</u>

Fed. R. Crim. P. 16(b)(1)(A)....................................... 12

Fed. R. Crim. P. 16(d)(2)(C)....................................... 13

Fed. R. Evid. 401 ..................................................9

Fed. R. Evid. 403 ..................................................9

Fed. R. Evid. 611(b)............................................... 12

Fed. R. Evid. 801(c) ............................................6,7

Fed. R. Evid. 801(d)(2)(A) .........................................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   STATUS OF THE CASE**

   **A.   Indictment**

   On November 6, 2023, defendant Sergey Vladimirovich Ochigava was charged by complaint with one count of Stowaway on an Aircraft in violation of 18 U.S.C. § 2199. (ECF No. 1.) On November 16, 2023, the grand jury returned a single-count indictment for the same violation. (ECF No. 11.)

   **B.   Trial**

   Trial Date: Neither party has waived trial by jury. Jury trial is scheduled for January 23, 2023, at 8:30 a.m., before the Honorable George H. Wu, United States District Judge.

   Estimated time: The estimated time for the government's case-in-chief is two to three days.  The government's anticipated witness list includes eleven witnesses: (1) Federal Bureau of Investigation ("FBI") Special Agent Caroline Walling; (2) FBI Linguist Anna Mahli; (3) Customs and Border Protection ("CBP") Officer Abraham Perez; (4) CBP Officer Willie Morris; (5) CBP Officer Yuri Zakarov;  (6) CBP Officer Chan Chung; (7) Airport Police Officer Daniel Krockel; (8) Scandinavian Airlines ("SAS") Employee Bo Lindstroem; (9) SAS Employee Nanne Jappe; (10) SAS Employee Gracelynn Cracchiolo; and (11) Danish National Police Officer Mikkel Guldborg-Jensen.

   Stipulations: At this time, the parties have not agreed to any stipulations of fact.

   Defendant:  Defendant is detained pending trial.

   **C.   Pretrial Motions**

   Both the government and Defendant have not filed any pretrial motions. As included in the parties' joint statement, there are

anticipated discovery disputes and motions that will be filed before trial. (ECF No. 19.) The defense seeks unredacted discovery pertaining to an email chain between law enforcement contacts, as well as the unredacted flight manifest. The defense also intends to file a motion to suppress the defendant's post-arrest statements, and approximately three motions in limine. The government intends to separately file one motion in limine to introduce Rule 404(b) evidence of other acts involving the defendant at the Copenhagen airport immediately prior to boarding the flight at issue.

### D. Jury Instructions and Verdict Form

There are no disputed jury instructions at this time. The government will file proposed jury instruction and a proposed verdict form following the parties' pretrial conference on January 18, 2024.

## II. STATEMENT OF FACTS

The government expects that the evidence at trial will establish the following facts, among others:

### A. Copenhagen airport: Defendant bypasses a security turnstile to enter the airport and is interviewed by Danish border police before unsuccessfully attempting to board two other flights.

On November 3, 2023, at approximately 3:45 p.m., defendant arrived at Copenhagen airport (CPH) via the metro terminal. Although defendant was not a ticketed passenger on any flight departing that day, airport surveillance footage showed defendant tailgating an unsuspecting passenger through a security turnstile to enter "Finger C," a terminal for non-Schengen[1] departures. Danish border police later processed defendant and determined that he was a Schengen

---

[1] The Schengen area covers most of the European Union countries and signifies a zone where 27 European countries removed internal boarders for the free and unrestricted movement of people.

2

overstay on his Israeli passport and did not have any stamps or visas in his Russian passport. Defendant claimed he was walking by the airport to see if he could travel on his current passport documents and admitted that he did not have a boarding pass. After seizing his passports to conduct an additional inquiry, Danish police instructed defendant to remain in the non-Schengen terminal until the visa overstay issue was resolved.

Despite his explicit instructions to the contrary, defendant unsuccessfully attempted to board two flights out of Copenhagen. Specifically, in the late evening on November 3, defendant attempted to board SAS flight 973 to Bangkok. He presented a Russian identification document and a piece of paper written in Russian to SAS gate staff; however SAS staff determined that defendant was not listed on the flight manifest and turned defendant away. Defendant again tried to board a separate flight to London the next day in the early morning, but staff again turned him away.

**B.   SAS flight 931: Defendant boards an SAS flight to Los Angeles without a visa or boarding pass and is not a listed passenger on the flight manifest.**

On November 4, 2023, around 8 a.m., defendant got into the boarding line that was concentrated around the gate for SAS flight 931 to Los Angeles. He proceeded undetected through the gate and jet bridge until he successfully boarded the airplane. Inquiring cabin crew approached the defendant as he wandered the business class cabin and attempted to assist him. Without uttering a response to the cabin crew, defendant left business class and took an unassigned economy seat on the plane before takeoff. As the crew finalized the flight to Los Angeles, 183 passengers were included in the flight manifest— defendant was not included in that list.

3

Defendant was onboard SAS flight 931 as it departed Copenhagen to Los Angeles. During the flight, he had multiple interactions with cabin crew as he moved through a series of unassigned seats during the 10-hour flight. During one meal service, he deceived crew into giving him a second meal by moving between sections of the aircraft while claiming he was not previously served. As the plane made a final approach to Los Angeles, a flight crew member instructed defendant to take his assigned seat before landing. Defendant instead took a new unassigned seat.

**C.   U.S. immigration inspection: Defendant is arrested after he presented himself to U.S. authorities without appropriate travel documents.**

Video surveillance confirmed defendant disembarked SAS flight 931 and walked through the arrival gate while engaging in small talk with an SAS passenger. Defendant asked for and received the passenger's telephone number before eventually doubling back to report to airport attendants that he left his passport behind on the flight. SAS searched flight 931 but did not locate a lost passport. After waiting for some time, defendant returned to customs for immigration inspection. During inspection, a CBP officer could not find any information for defendant in his system. The CBP officer had defendant write down his name, date of birth, and flight information, but still could not locate defendant. CBP officers searched defendant's person and found foreign identification cards and an Israeli identification card but no travel documents that would permit defendant's entry into the U.S. However, even with this additional information, CBP inquiries again revealed that no record existed of defendant as either a passenger on an incoming airline or a visa

4

holder permitting entry into the U.S. CBP therefore detained defendant pending further investigation.

In a Mirandized interview, defendant claimed that he could not concentrate fully and had difficulty remembering details over the last several days, but also made concessions and admissions that he was on the SAS flight from Copenhagen and did not have a boarding pass. Defendant provided consent to search his phone where authorities saw a photograph of airport departure monitors in Danish.

## III. THE CHARGED OFFENSES

### A. Stowaway on an Aircraft

#### 1. Governing Statute

Title 18, United States Code, Section 2199 provides, in pertinent part, that:

> Whoever, without the consent of the owner, charterer, master, or person in command of any vessel, or aircraft, with intent to obtain transportation, boards, enters or secretes himself aboard such vessel or aircraft and is thereon at the time of departure of said vessel or aircraft from a port, harbor, wharf, airport or other place within the jurisdiction of the United States; . . .
>
> (1) shall be fined under this title, imprisoned not more than 5 years, or both. . .

18 U.S.C. § 2199.

#### 2. Elements of 18 U.S.C. § 2199

The elements of a violation of 18 U.S.C. § 2199 are as follows:

First, the defendant boarded, entered, or secreted himself aboard an aircraft;

Second, the defendant did so with the intent to obtain transportation;

Third, the defendant did so without the consent of the owner, charterer, master, or person in command of the aircraft;

Fourth, the defendant remained on board the aircraft after the aircraft departed; and

Fifth, the defendant was on board the aircraft when the aircraft was at any place within the jurisdiction of the United States.

Consent is a voluntary agreement, approval, or permission regarding some act or purpose. Voluntary means done by design or intention.

Consent to board, enter, or secret aboard an aircraft may be express or implied. Express consent is consent that is clearly and unmistakably stated. Implied consent is consent inferred from one's conduct rather than from one's direct expression.

[Source: 18 U.S.C. §§ 2199 [Stowaway on aircraft]; Blacks Law Dictionary]

**IV.   LEGAL AND EVIDENTIARY ISSUES**

    **A.   Photographic and video evidence.**

The government intends to introduce into evidence video surveillance and photographs of evidence found on defendant's person and phone on November 4 and 5. A video recording is admissible upon a showing that it is "accurate, authentic, and generally trustworthy." United States v. King, 587 F.2d 956, 961 (9th Cir. 1978). Photographs are also generally admissible as evidence. See United States v. Stearns, 550 F.2d 1167, 1171 (9th Cir. 1977) (photographs of crime scene admissible). Photographs should be admitted so long as they fairly and accurately represent the event or object in question. United States v. Oaxaca, 569 F.2d 518, 525 (9th Cir. 1978). The Ninth Circuit has held that "[p]hotographs are admissible as substantive as well as illustrative evidence." United States v. May, 622 F.2d 1000, 1007 (9th Cir. 1980).

**B.     Defendant's statements.**

The government intends to introduce into evidence various inculpatory statements defendant made during his conversations with Danish boarder police, airline personnel, and U.S. authorities on both November 4 and 5, 2024. Rule 801(c) of the Federal Rules of Evidence defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Avid. 801(c). However, statements by a party opponent are admissible non-hearsay, as are statements which are not being admitted for the truth of the matter asserted but rather to show the effect on the person who heard the statement. Fed. R. Evid. 801(c), 801(d)(2)(A); see also United States v. Valerio, 441 F.3d 837, 844 (9th Cir. 2006) (informant's statements on a recording are admissible to give context to defendant's statements). Defendant's statements are not hearsay, because he is a party opponent. Moreover, the statements of Danish police, airline personnel, and U.S. authorities during their conversations with defendant are not hearsay, because the statements are not offered to prove the truth of the matter asserted, but rather to give necessary context to defendant's statements.

**C.     Scope of cross-examination of defendant.**

If defendant testifies at trial, he waives his right against self-incrimination, and the government will cross-examine him on all matters reasonably related to the subject matter of his testimony. See, e.g., Fitzpatrick v. United States, 178 U.S. 304, 315-316 (1900) (The defendant "has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts."); United States v. Black, 767 F.2d

7

1334, 1341 ("What the defendant actually discusses on direct does not determine the extent of permissible cross-examination or his waiver. Rather, the inquiry is whether 'the government's questions are reasonably related' to the subjects covered by the defendant's testimony.") (internal quotations and citation omitted). The scope of cross-examination is within the discretion of the trial court. Fed. R. Evid. 611(b). Defendant has no right to avoid cross-examination on matters that call into question his credibility and claim of innocence. United States v. Mehrmanesh, 682 F.2d 1303, 1310 (9th Cir. 1982); United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981).

### D.   Defendant should be precluded from affirmatively entering any evidence not produced.

Rule 16 of the Federal Rules of Criminal Procedure creates certain reciprocal discovery obligations on the part of defendants to produce three categories of materials that they intend to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examinations or tests; and (3) expert witness disclosure. Rule 16 imposes on defendants a continuing duty to disclose these categories of materials. Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c). In those circumstances where a party fails to produce discovery as required by Rule 16, the rule empowers the district court to "prohibit the party from introducing evidence not disclosed, or it may enter such other order as it deems just under the circumstances." Fed. R. Crim. P. 16(d)(2)(C) and (D).

To the extent defendant may attempt to introduce or use any evidence at trial that he has not produced to the government, such documents should be excluded. See Taylor v. Illinois, 484 U.S. 400,

8

415 (1988) (defendant's failure to comply with, or object to, government's discovery request before trial justified exclusion of unproduced evidence).

### E. Jury nullification

The Court should exclude any evidence and/or argument relating to or concerning any possible jury nullification defense. This includes any evidence and/or argument meant to play on the jury's sympathy for defendant, particularly pertaining to arguments that his crimes are somehow too minor to sustain a felony conviction.

It is well established that a defendant does not have a right to a jury nullification instruction. United States v. Powell, 955 F.2d 1206, 1213 (9th Cir. 1992). Having no right to seek jury nullification, defendant has no right to present evidence relevant only to such a defense. Zal v. Steppe, 968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring) ("[N]either a defendant nor his attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged. Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant.").

Since they do not make any fact in issue more or less probable, evidence and arguments meant to play on the jury's sympathy are not relevant under Federal Rule of Evidence 401 and must be excluded on that basis. In addition, appeals to sympathy are unduly prejudicial and confusing to the jury and misleading under Federal Rule of Evidence 403 and, therefore, properly excluded on that basis even if they had some arguable relevance.

### F. Defense witnesses

Defendant has not provided a witness list to the government. To the extent defendant elects to call witnesses at trial, the government requests that the Court order defendant to provide an offer of proof with respect to the anticipated testimony of those witnesses so that the Court may assess whether their testimony would be relevant and otherwise admissible, and whether their testimony would implicate any Fifth Amendment rights those witnesses might have, before the witnesses take the stand.

### G. Affirmative defenses

Defendant has not given notice of any intent to rely on any defense of entrapment, mental incapacity, alibi, or any other affirmative defense. Therefore, to the extent defendant may attempt to rely on such a defense, the government reserves the right to object and to move to preclude the defendant from asserting such a defense.

## V. CONCLUSION

The government respectfully requests permission to file additional trial memoranda if necessary.