CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
Erica Choi (Bar No. 302351)
(E-Mail: erica_choi@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
SERGEY OCHIGAVA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGEY OCHIGAVA,<br><br>Defendant. | Case No. 2:23-cr-567-GW<br><br>**DEFENSE MOTION IN LIMINE TO EXCLUDE INADMISSIBLE HEARSAY; EXHIBITS**<br><br>Final Pretrial Conference: January 22, 2024<br><br>**Jury Trial: January 23. 2024** |

Defendant Sergey Ochigava, by and through his counsel of record Deputy Federal Public Defenders Erica Choi and Nadine Hettel hereby files this Defense Motion in Limine to Exclude Inadmissible Hearsay.

The defense believes the instant motion in limine will affect opening arguments, and therefore seeks a pretrial ruling from the Court. This motion is filed after the 9:00 a.m. deadline for joint motions in limine. The defense requests the Court find cause to consider the motion, as the defense only became aware of the basis for this motion after

1

1  the government provided its witness list last night (at 8:00 p.m. on January 18, 2024),
2  and the English translation of a Danish report in the early morning hours of January 18,
3  2024.
4      The defense contacted the government about this motion in limine. The
5  government opposes the late filing.

                                              Respectfully submitted,

                                              CUAUHTEMOC ORTEGA
                                              Federal Public Defender

10  DATED:  January 19, 2024        By  */s/ Erica Choi*
                                              ERICA CHOI
                                              Deputy Federal Public Defender
                                              Attorney for SERGEY OCHIGAVA

# MEMORANDUM OF POINTS AND AUTHORITIES

The defense seeks to exclude testimony that: (1) prior to boarding flight SK 931, Mr. Ochigava attempted to board two other flights at the Copenhagen Airport; (2) that airport police told Mr. Ochigava to stay in the non-Schengen area until they determined his immigration issues; and (3) Mr. Ochigava's statements that he was walking by the airport to see if he could travel on his passport and that he did not have a boarding pass.

It is believed the government will attempt to introduce the evidence through the testimony of Copenhagen Airport Police Officer Mikkel Guldborg Jensen, who authored a report in Danish. Exhibit A, Danish Police Report. The government provided a translation authored by a Danish-speaking FBI agent. Exhibit B, FBI Document. Each of the proposed statements violate Mr. Ochigava's Sixth Amendment right to confront witnesses against him and constitute inadmissible hearsay. The Court should preclude this evidence and any reference to them in opening arguments.

### 1. The Court should exclude testimony that prior to boarding SK 931, Mr. Ochigava attempted to board two other flights.

According to Officer Jensen's report, Mr. Ochigava attempted to board two flights prior to successfully boarding SK 931. Mr. Ochigava first tried to board a plane to Bangkok. Exh. B, p. 1. "*Staff at the gate informed police* that a confused Russian male came to them and showed them a Russian ID and piece of paper. The staff could see on the flight manifest that the flight was fully booked and that subject was not on the list and they turned him away." *Id.* at p. 1 (emphasis added). "And then he tried to board a plane to Gatwick on Nov 4 at 06:39." *Id.*

Officer Jensen cannot testify to these events. As is clear from the report, unnamed gate staff interacted with Mr. Ochigava and later informed the police about it. Gate staff spoke with Mr. Ochigava, looked him up in their systems, did not see him as a listed passenger, and told him to leave. The government has not noticed those witnesses for trial. Allowing Officer Jensen to testify as to these events would violate Mr. Ochigava's Sixth Amendment confrontation rights.

The Confrontation Clause "commands, not that the evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross examination." *Crawford v. Washington*, 541 U.S. 36, 61 (2014). The defense would have no opportunity to cross-examine airport staff who reported that he tried to board two flights prior to boarding SK 931.

In addition, any statements made by gate staff to Officer Jensen (or any other police officer) is inadmissible hearsay. Fed. R. Evid. 802. The only reason they would be relevant is for the truth of the matter asserted: that Mr. Ochigava in fact tried to board two other flights. Officer Jensen's testimony of what other witnesses told him should be excluded under Rule 802.

Officer Jensen's report references video surveillance of Mr. Ochigava attempting to board the flights in Copenhagen. If Officer Jensen can lay a foundation and the videos are admitted, they can speak for themselves. The Court should require an offer of proof prior to Officer Jensen's testimony to see if he can lay a foundation and properly admit the video evidence. This should be done outside the presence of the jury and before trial, so the parties can present their cases accordingly.

> **2. The Court should exclude testimony that police told Mr. Ochigava to stay in the non-Schengen area of the airport until they determined his immigration issues.**

According to Jensen's report, Mr. Ochigava "went through control in non-Schengen in possession of Russian passport with no stamps or visas. *They* took custody of both passports while they figured out his overstay. He was informed through a Russian interpreter that he had to stay in the non-Schengen area until they figured out the overstay issue." Exh. B at p. 1.

It is unclear from the report who Mr. Ochigava made these statements to. If "they" (officers other than Jensen) and an unnamed Russian interpreter told Mr. Ochigava that he had to stay in the non-Schengen area until they figured out his overstay issue, Officer Jensen cannot testify as to those statements. The defense has a

right to cross-examine the appropriate witness as to what exactly the instructions were. For example, being instructed to sit on the benches until immigration arrives is very different than being told to wait for immigration to contact him at some future date. The defense also has a right to cross-examine the witness as to the circumstances under which the statements were made, and to elicit further statements of Mr. Ochigava if the narrow testimony creates a misimpression about what he was told, and his alleged failure to follow those instructions, under Rule 106.

This issue turns on whether Mr. Ochigava made the statements to Officer Jensen or another police officer. If Mr. Ochigava made the statements to another police officer, who then relayed those statements to Officer Jensen, the statements are inadmissible hearsay. Mr. Ochigava would have no ability to cross-examine the officers who questioned him to determine the language used to instruct him, the circumstances under which the statements were made, and the reliability of those statements.

At the very least, the government should make an offer of proof as to the admissibility of these statements prior to trial.

### 3. The Court should exclude testimony that Mr. Ochigava said he was walking by the airport to see if he could travel on his passport and that he did not have a boarding pass.

For the same reason outlined in issue two, the Court should exclude testimony that Mr. Ochigava told another (female) officer he was walking by the airport to see if he could travel and that he did not have a boarding pass.[1] These statements were made to a female officer, who then relayed Mr. Ochigava's statements to Officer Jensen.

The Court should require an offer of proof prior to trial as the admissibility of these statements. Unless they are properly admissible and would not violate Mr. Ochigava's constitutional rights, they should be excluded.

---

[1] "She (the first liner) had asked whether he (the subject) had visa stamps and/or where he was going. He said he was walking by the airport to see if he could travel on the document in question and said that he did not have a boarding pass." Exh. B at p. 1.