E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
JASON A. GORN (Cal. Bar No. 296179)
BRANDON E. MARTINEZ-JONES (Cal. Bar No. 318749)
Assistant United States Attorneys
General Crimes Section
     1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-7962/7167
     Facsimile: (213) 894-3713
     E-mail:    jason.gorn@usdoj.gov
                brandon.martinez-jones@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:23-CR-00567-GW |
|---|---|
| Plaintiff, | GOVERNMENT'S OPPOSITION TO DEFENSE MOTION IN LMINE TO EXCLUDE INADMISSIBLE HEARSAY; EXHIBITS 1 AND 2 |
| v. | |
| SERGEY VLADIMIROVICH OCHIGAVA, | Hearing Date: January 22, 2024 |
| Defendants. | Hearing Time: 8:30 a.m. Location: Courtroom of the Hon. George H. Wu |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Jason Gorn and Brandon E. Martinez-Jones, hereby files the Government's Opposition to the Defense Motion in Limine to Exclude Inadmissible Hearsay ("Motion" or "Mot."; Dkt. 34).

This Opposition is based upon the attached memorandum of points and authorities, Exhibits 1 and 2 thereto, the files and records in

1

this case, and such further evidence and argument as the Court may permit.

| | |
|---|---|
| Dated: January 19, 2024 | Respectfully submitted, |
| | E. MARTIN ESTRADA<br>United States Attorney |
| | MACK E. JENKINS<br>Assistant United States Attorney<br>Chief, Criminal Division |
| |     /s/<br>JASON A. GORN<br>BRANDON E. MARTINEZ-JONES<br>Assistant United States Attorneys<br>Attorneys for Plaintiff<br>UNITED STATES OF AMERICA |

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The defense has long known about the evidence described in its Motion and the government's intention to use that evidence at trial. Yet only now--three days before trial is to commence and the day <u>after</u> this Court ordered the defense to serve its motions <u>in limine</u> on the government so the parties' positions could be filed jointly-- the defense has filed a unilateral motion to exclude this evidence. The Motion can and should be stricken or denied for untimeliness and failure to comply with this Court's clear orders.  But even were the Court to entertain the Motion, it should deny it on its merits: because the government expects Danish police officer Mikkel Guldborg-Jensen to testify regarding defendant's conduct and statements at Copenhagen Airport based on the officer's own perception, and because he will be subject to cross-examination, the defense's hearsay and Confrontation Clause objections are baseless.

**A.  The Motion Should Be Stricken or Denied Because It Is Untimely and Non-Compliant.**

This Court should strike or deny the Motion as untimely and non-compliant.  The government disclosed evidence of defendant's conduct at Copenhagen Airport on December 28, 2023, as part of the unredacted portions of an email chain that is the subject of the defense's similarly last-minute motions to compel discovery.  <u>See</u> Dkt. 23 at 9-12 & Ex. B at USAO_000587-88, 600-01; <u>see also</u> Ex. 1 at 1-2 (government's production letter and service email).  In a January 9, 2024, letter, the government further notified defense counsel of its intention to use this evidence--including every category of evidence the Motion now seeks to exclude--at trial as evidence of conduct inextricably intertwined with the charged offenses or, in the

1

alternative, under Rule 404(b).  See Ex. 2 at 1-3 (Jan. 9, 2024, notice letter and service email)).  The government described this evidence again in its January 16, 2024, trial memorandum, and noted its intention to call Officer Guldborg-Jensen, who interacted with defendant and investigated his conduct at Copenhagen Airport, at trial, and to introduce evidence of defendant's statements.  See Dkt. 21 at 1, 2-3, 7.  But despite this repeated and advance notice by the government, the defense failed to file the Motion until the day after this Court ordered it to serve all its motions in limine so that the government could respond and file the parties' positions as a joint document no later than 9:00 A.M. on January 19, 2024.

The defense's excuses for unilaterally filing a late motion to exclude evidence it has known about for weeks do not hold water.  The Motion's contention that the defense received the government's witness "at 8:00 p.m. on January 18, 2024," Mot. at 2, totally ignores that the government provided substantially the same list in its January 16 trial memorandum--including Guldborg-Jensen, the witness whose testimony the Motion concerns.  Dkt. 21 at 1.  The Motion's only other excuse--that the government produced an English translation of Guldborg-Jensen's reports regarding his interactions with defendant at around 1:00 A.M. on January 18 (Mot. at 2)-- overlooks not only that the government had announced its intent to call Guldborg-Jensen two days earlier, but also the government's January 9 notice of intent to put on evidence of Danish police's investigation into defendant's conduct at Copenhagen Airport (see Ex. 2 at 2-3).  Because there is no excuse for the defense's failure to serve the Motion by 2:00 P.M. on January 18, the Court should strike or deny it.

2

**B.    In Any Case, the Motion Is Meritless.**

Alternatively, the Court should deny the Motion on its merits. The government anticipates Guldborg-Jensen to testify that:

- he was one of the officers who spoke with defendant at Copenhagen Airport regarding his reasons for coming to the airport, his lack of a boarding pass, and his lack of a valid travel document or visa authorizing him to be in Denmark;
- he was one of the officers who seized defendant's passports and told him to remain in the terminal pending further proceedings against him; and
- he personally reviewed surveillance footage of defendant attempting to board two flights out of Copenhagen Airport and being turned away before he boarded a flight to Los Angeles.

So long as Guldborg-Jensen offers testimony regarding defendant's conduct and statements that is "rationally based on [his] perception," Fed. R. Evid. 701(a), then none of the purported hearsay problems the Motion hypothecates will materialize. Moreover, because Guldborg-Jenson will be speaking to what he saw defendant do or say and will be available for cross-examination, his testimony will not violate the Confrontation Clause. See Melendez-Diaz v. Massachusetts, 557 U.S. 305, 309 (testimony admissible if "witness appears at trial").

For these foregoing reasons, the defense's Motion should be stricken or denied as untimely and non-compliant with the Court's orders. In the alternative, the Court should deny the Motion on its merits.