

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
                         Plaintiff,

    v.

SERGEY VLADIMIROVICH
OCHIGAVA,
                        Defendant.

No. CR 23-567-GW

**FINAL JURY INSTRUCTIONS**

## Final Jury Instructions

### I. Introductory Instructions

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions has been provided to you.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done as any suggestion as to what verdict you should return – that is a matter entirely up to you.

This is a criminal case brought by the United States Government. In the Indictment, the Government charges the Defendant Sergey Ochigava with one crime, a violation of 18 U.S.C. § 2199 which is being a stowaway on board an aircraft. The Indictment simply describes the charge the Government brings against the Defendant; it is not evidence and does not prove anything.

The Defendant has pleaded not guilty to the charge and is presumed innocent unless and until the Government proves him guilty beyond a reasonable doubt. In addition, the Defendant does not have to testify or present any evidence. The Defendant does not have to prove his innocence; the Government has the burden of proving every element of the charges beyond a reasonable doubt.

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the Defendant did not testify.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the Defendant is guilty. It is not required that the Government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

The evidence you are to consider in deciding what the facts are consists of:

    (1)    the sworn testimony of any witness;

    (2)    the exhibits received in evidence; and

    (3)    any facts to which the parties have agreed.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are *not* evidence and you may not consider them in deciding what the facts are:

  1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

  2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.

  3. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

  4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

There are rules of evidence that control what can be received in evidence. When a lawyer asked a question or offered an exhibit in evidence and a lawyer on the other side thought that it was not permitted by the rules of evidence, that lawyer may have objected. If I overruled the objection, the question was answered or the exhibit received. If I sustained the objection, the question was not answered, or the exhibit was not received. Whenever I sustained an objection to a question, you must ignore the question and must not guess what the answer would have been.

  Sometimes I ordered that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

  (1) the opportunity and ability of the witness to see or hear or know the things testified to;
  (2) the witness's memory;
  (3) the witness's manner while testifying;
  (4) the witness's interest in the outcome of the case, if any;
  (5) the witness's bias or prejudice, if any;
  (6) whether other evidence contradicted the witness's testimony;
  (7) the reasonableness of the witness's testimony in light of all the evidence; and
  (8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

You have heard testimony of a witness who testified in the Danish [and, if applicable: Russian] language. Witnesses who do not speak English or are more proficient in another language testify through an official interpreter. Although some of you may know the Danish [and, if applicable: Russian] language, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

You must not make any assumptions about a witness or a party based solely on the fact that an interpreter was used.

You have heard testimony that the Defendant made certain statements prior to this trial. It is for you to decide: (1) whether the Defendant made the statement(s), and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement(s), including the circumstances under which the Defendant may have made it.

You are here only to determine whether the Defendant is guilty or not guilty of the charge in the Indictment. The Defendant is not on trial for any conduct or offense not charged in the Indictment.

The Indictment charges that the offense alleged was committed "on or about" a certain date. Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the date charged.

You have heard testimony and seen evidence that the Defendant may have entered the security checkpoint or the Schengen area of the Copenhagen Airport without permission; that he may have been stopped by Danish police and had Danish immigration issues; and that, on or about November 3, 2023, he approached and was pointed away from Gate C33 at the Copenhagen airport. This evidence of other acts was admitted only for limited purposes.

You may consider this evidence only for the purpose of deciding whether the Defendant had the intent necessary to commit the crime charged in the Indictment; had a motive to commit the acts charged in the Indictment; was planning to commit the acts charged in the Indictment; and did not commit the acts for which he is on trial by accident or mistake. Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purposes offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The Defendant is not on trial for these other acts. You may not consider the evidence of these other acts as a substitute for proof that the Defendant committed the crime charged. You may not consider this evidence as proof that the Defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the Defendant may have committed the other acts, he must also have committed the crime charged in the Indictment.

Remember that the Defendant is on trial here only for being a stowaway on Scandinavian Flight No. 931, not for these other acts. Do not return a guilty verdict unless the Government proves the crime

charged in the Indictment beyond a reasonable doubt.

## II. Instructions as to the Charged Crime

The Defendant is charged in the Indictment with being a stowaway on an aircraft in violation of Section 2199 of Title 18 of the United States Code. For the Defendant to be found guilty of that crime, the Government must prove each of the following elements beyond a reasonable doubt:

First, the Defendant boarded, entered, or secreted himself aboard an aircraft;

Second, the Defendant did so with the intent to obtain transportation;

Third, the Defendant did so without the consent of the owner, ~~charterer, master~~, or person in command of the aircraft;

Fourth, the Defendant remained on board the aircraft after the aircraft departed; and

Fifth, the Defendant was on board the aircraft when the aircraft was at any place within the jurisdiction of the United States.

## III. Concluding Instructions

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter

and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

During your deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial.

The punishment provided by law for this crime is for the Court to decide. You may not consider punishment in deciding whether the Government has proved its case against the Defendant beyond a reasonable doubt.

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk or bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the Defendant, until after you have reached a unanimous verdict or have been discharged.